IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

UNITED STATES OF AMERICA, )
 )              MAR 2 9 1999
             Plaintiff, )
 )              Phil Lombardi, Clerk
 )              **U.S. DISTRICT COURT**
vs. )
 )
MICHAEL DEE WEHBA, )
 )
             Defendant. )      Case No. 99-CR-23-04-H
                                Judge Sven Holmes

PRELIMINARY MOTIONS OF DEFENDANT
MICHAEL DEE WEHBA  WITH COMBINED BRIEFS

Table of Contents

    1.  MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AND
COMBINED BRIEF

    2.  MOTION FOR DISCLOSURE OF ALL SEARCHES AND SEIZURES
AND COMBINED BRIEF

    3.  MOTION FOR DISCLOSURE OF STATEMENTS, ADMISSIONS OR
CONFESSIONS WITH COMBINED BRIEF

    4.  MOTION FOR DISCLOSURE OF INFORMANTS AND DEALS MADE
WITH COMBINED BRIEF

    5.  MOTION FOR PETERSON-ANDREWS HEARING WITH COMBINED
BRIEF

    6.  MOTION TO SUPPRESS STATEMENTS AND COMBINED BRIEF
AND REQUEST FOR HEARING

    7.  MOTION TO SUPPRESS, REQUEST FOR EVIDENTIARY HEARING
THEREON AND COMBINED BRIEF

    8.  MOTION FOR DISCLOSURE OF GOVERNMENT WITNESSES AND
COMBINED BRIEF

    9.  MOTION FOR DISCLOSURE OF SPECIFIC IMPEACHMENT AND
EXCULPATORY INFORMATION

10. MOTION FOR IN CAMERA REVIEW OF PRESENTENCE REPORTS FOR GOVERNMENT WITNESSES

11. MOTION FOR LEAVE TO ARGUE AFTER INSTRUCTIONS AND COMBINED BRIEF

12. MOTION FOR LEAVE TO CONDUCT PERSONAL VOIR DIRE AND COMBINED BRIEF

13. MOTION FOR DISCLOSURE OF GRAND JURY TESTIMONY AND COMBINED BRIEF

14. MOTION TO QUASH THE ARREST AND MOTION FOR PRELIMINARY HEARING AND COMBINED BRIEF

## MOTION FOR LEAVE TO FILE
## ADDITIONAL MOTIONS AND COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves that he be granted leave to file such additional motions after the expiration of the motion deadline, as may become appropriate on the basis of facts or circumstances revealed or discovered by defendant and/or his attorney, subsequent to the expiration of the motion deadline.  In support hereof, defendant would respectfully show the Court:

1.  As of the expiration of the deadline for filing motions, the defendant's and/or the defendant's attorney's knowledge of the facts and circumstances surrounding the various criminal charges levied against him is, at best, sparse and marginal.  In the normal course of the development of a federal criminal prosecution, facts and circumstances are made known to defendant and/or his attorney which give rise to new ideas for new motions which were not known or reasonably ascertainable by the defendant as of the expiration of the motion deadline.  Thus, the imposition of a motion deadline, before the defendant runs or becomes aware of the appropriateness of additional attacks on the form or procedure of his criminal prosecution, and not to extend said deadline to allow the filing of such additional motions, is to deny the defendant procedural due process of law, at the very least, and

perhaps substantive due process as well, since Rule 12(f), Federal Rules of Criminal Procedure, failure to file a motion constitutes a waiver of any defenses or objections which might have been raised therein.

WHEREFORE, premises considered, the Defendant requests the opportunity to file such additional motions as may later be deemed appropriate, without regard to any deadline, so long as counsel does so in good faith, and with reasonable dispatch.

## MOTION FOR DISCLOSURE OF ALL
## SEARCHES AND SEIZURES AND COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves that the Court enter an Order compelling the United States Attorney, and the various law enforcement agencies and all officers participating in the investigation, arrest and preparation for prosecution of the defendant to disclose to defendant's counsel within a time period specified by the Court the dates, legal bases, and fruits of every search and seizure which gave rise to evidence relating to the defendant, whether inculpatory or exculpatory, and whether or not the fruits thereof will be used or relied upon by the prosecution in the presentation of its cases against this defendant. In support hereof, defendant would respectfully show the Court:

1.    The Fourth Amendment to the United States

Constitution protects the defendant from unreasonable searches and seizures.

2. If a search and seizure has been conducted illegally, of which the defendant is unaware, the defendant's Fourth Amendment rights can never be vindicated unless and until the government reveals the conduct of such search and seizure to the defendant, in order that his attorney might assess the legality thereof and levy such attack against the same as may be considered appropriate.

3. The assessment of the legality of a search and seizure is frequently the object of disagreement between the attorney and counsel for a defendant, so that the government cannot be left to decide which searches and seizures are legal and which may be subject to attack. Thus, unless the government reveals each and every search and seizure to the defendant, and the details thereof as enumerated above, the defendant may be denied an opportunity to attack the same, constituting a denial of procedural due process of law and his Fourth Amendment protection.

WHEREFORE, premises considered, defendant moves that the government be ordered to reveal all searches and seizures related, or even arguably related, to this case, and the details of each, including the fruits derived thereby.

## MOTION FOR DISCLOSURE OF STATEMENTS, ADMISSIONS OR CONFESSIONS WITH COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves that the Court enter an Order requiring the government to disclose all statements of defendant, statements of co-defendants, statements of indicted co-conspirators and statements of third persons which are or arguably might be inculpatory or exculpatory, whether or not the government presently intends to use or rely upon such statement, admission or confession at trial. In support hereof, defendant would respectfully show the Court:

1. Any statements, admissions or confessions made by the defendant are subject to attack by counsel for said defendant, if facts and circumstances under which said statements, admissions or confessions were given or made warrant attack, but such attacks may be levied only if the defendant's attorney is aware of the same, and the circumstances surrounding the same.

2. The defendant's physical and/or psychological condition may very well be such that the defendant may not recall or even be aware of having made the same.

3. Admissions, statements or confessions by co-defendant(s) could create problems entitling the defendant to a severance. *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)

4. The existence of statements, admissions or confessions by co-defendants or a third party who might be deemed co-conspirators is relevant to the defendant's

entitlement to a severance and, in such case, a hearing prior to trial must be held to determine whether or not the government is able to prove the existence of such a conspiracy by means independent of co-conspirator hearsay to determine the admissibility of such co-conspirator hearsay. *U.S. v. Andrews*, 585 F.2d 961 (10th Cir. 1978); *U.S. v. Peterson*, 611 F.2d 1313 (10th Cir. 1979).

WHEREFORE, premises considered, defendant moves that the government be ordered to disclose all statements, admissions, confessions of defendant, co-defendants, unindicted co-conspirators and third persons, and grand jury witnesses, whether inculpatory or exculpatory, and whether or not the government presently plans on using such individuals as witnesses at trial.

## MOTION FOR DISCLOSURE OF INFORMANTS AND DEALS MADE WITH COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves that the Court enter an Order directing the government to disclose to defense counsel all uses of informants in the investigation, preparation and prosecution of this case, and any deals made or inducements offered to such informants, or threats made against such informants to secure cooperation and, in support hereof, would respectfully show the Court:

1. The government's use of informants in drug prosecutions is commonplace.

2.   The government's levying of threats against informants, including potential witnesses and grand jury witnesses, in order to secure the "cooperation" of such individuals, is commonplace.

3.   The offering of inducements and the making of deals with such informants or potential witnesses in drug prosecutions is commonplace.

4.   Such threats, inducements, and deals can constitute material discoverable under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), in which it was held that the withholding of such evidence denies the defendant due process of law.

5.   The imposition of threats or the offering of inducements has been recognized as a motivation for government witnesses to withhold evidence favorable to a defendant, of which the government might not even be aware. *Giglio v. U.S.*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Accordingly, the disclosure of the use of all such informants and arrangements regarding threats or leniency or inducements with all government witnesses, grand jury witnesses and persons interviewed is vital to the defense, in order that the defense might investigate and inquire if such witnesses are possessed of information favorable to the defense.

WHEREFORE, premises considered, defendant moves that the government be required to disclose all uses of informants and all deals made, leniency offered, inducements

offered or paid, and threats made to all co-defendants, witnesses, grand jury witnesses and persons interviewed who may not be witnesses, in order that the defendant may inquire into the evidence possessed by such individuals which might be favorable to the defense, including the bearing which such threats or inducements might have on the credibility of such individuals.

## MOTION FOR PETERSON-ANDREWS HEARING
## WITH COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves that the Court hold a hearing prior to trial to ascertain the admissibility of statements, admissions or confessions alleged to have been made by any co-defendant, or unindicted co-conspirator, pursuant to *U.S. v. Andrews*, 585 F.2d 961 (10th Cir. 1978); and *U.S. v. Peterson*, 611 F.2d 1313 (10th Cir. 1979).

Hearsay is not admissible. Rule 802.

Statements by co-conspirators, made in furtherance of the conspiracy, are not hearsay as to other conspirators and are, therefore, admissible. Rule 801 (d)(2)(e).

The existence of a conspiracy involving a defendant cannot be established, as to that Defendant, by statements of alleged co-conspirators.

Accordingly, the existence of a conspiracy involving a defendant must be established by evidence *other*

than statements of alleged co-conspirators.  In Peterson, supra, and Andrews, supra, the 10th Circuit held it appropriate to hold a pre-trial hearing to see if the government is able to establish the conspiracy by means independent of co-conspirator hearsay.

### MOTION TO SUPPRESS STATEMENTS AND COMBINED BRIEF AND REQUEST FOR HEARING

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves that the Court enter an Order suppressing any and all confessions, admissions or prejudicial or inculpatory statements allegedly made by this defendant.  Defendant's counsel is presently unaware of any such statements and/or the grounds for suppression thereof.  However, in order to preserve defendant's position in the face of an impending motion deadline, defendant would respectfully urge the Court for suppression of any such statements on such grounds as may prove appropriate and, in support hereof, states:

1.  The Fifth Amendment to the United States Constitution affords the defendant a right to remain silent and not be compelled to give evidence incriminating himself.

2.  Before an incriminating statement to be admitted into evidence, the government has the burden of first establishing that the defendant was cognizant of his constitutional rights under the Fifth Amendment and that he freely and voluntarily, with knowledge of the consequences

thereof, relinquished and waived such rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Defendant respectfully requests that a hearing be had prior to trial to determine the admissibility of any statements, admissions or confessions by this defendant and, if it be determined that such statements, admissions or confessions were made, the Court determine the admissibility thereof.

WHEREFORE, premises considered, defendant moves that any improperly obtained statements, admissions or confessions be suppressed and excluded from evidence at trial.

### MOTION TO SUPPRESS, REQUEST FOR EVIDENTIARY HEARING THEREON AND COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves that the Court enter an Order suppressing the fruits of each and every search which yielded evidence of any nature which the government intends to offer at trial.

### MOTION FOR DISCLOSURE OF GOVERNMENT WITNESSES AND COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves for disclosure of government witnesses well in advance of trial. In support hereof, defendant would respectfully show the Court:

1.   In *Will v. U.S.*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), it was held that the government is not obligated to disclose its witnesses to the defendant well in advance of trial.  The defendant challenges this decision.

2.   The Sixth Amendment to the United States Constitution guarantees the defendant a right of confrontration.   Effective confrontation is impossible when hitherto unknown witnesses are sprung upon the defendant at trial, depriving the defendant of any meaningful opportunity to inquire into the evidence which such witnesses proposed to offer against the defendant at trial.

3.   In virtually every state criminal procedure code, disclosure of witnesses on an information filed against a defendant is obligatory, evidencing the notions of the people of the United States regarding their right of confrontation and their notions of procedural due process and fundamental fairness.  Only in the federal forum is the government entitled to engage in the reprehensible practice of "trial by ambush."  Defendant respectfully submits that this unique practice violates widely-held popular notions of the constitutional rights of confrontation and procedural due process and fundamental fairness and submits that the government should be obligated to disclose the names and addresses of its witnesses concurrent with the commencement of a criminal prosecution, or as soon thereafter as they become known to the government.

## MOTTION FOR DISCLOSURE OF SPECIFIC IMPEACHMENT AND EXCULPATORY INFORMATION

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves for disclosure of any and all exculpatory or impeachment information in regards to any government witnesses, other defendants, co-conspirators (named and unnamed ) and any other possible government witnesses or witnesses that appeared before the Grand Jury in this matter in regards to defendant Wehba well in advance of trial. In support hereof, defendant would respectfully show the Court:

A. Pursuant to *Brady v Maryland, 373 U.S. 83 (1963)* and *Giglio v. United States, 405 U.S. 150 (1982)*, the defendant , Michael D. Wehba is entitled to the following :

1. Any and all ;documents, statements, agent's reports, tangible and intangible evidence favorable to the defendant on the issues of guilt or relevant conduct;

2. Any and all ;documents, statements, agent's reports, , tangible and intangible evidence which affects the credibility of any prospective government witness's or the government's case;

3. Any and all information concerning any informants or cooperating witnesses involved in this case.

4. Any and all evidence that a prospective government witness is biased or prejudiced against the defendant, or has motive to falsify or distort his or her testimony;

5. Any and all evidence that a prospective government has engaged in any criminal act, whether or not resulting in criminal conviction;

6. Any and all evidence that a prospective government witness is under investigation by any state, federal, of local government agency;

7. Any and all evidence , including any medical or psychiatric report or evaluation, tending to show that any prospective government witness' ability to perceive, remember, communicate, or tell the truth is impaired ;

8. Any and all evidence that a prospective government witness has ever used narcotics or other controlled substances, or has ever been an alcoholic or user of alcohol;

9. Any and names of any witness or individuals who have made an arguably favorable statement about the defendant and the substance of that statement;

10. Any and all statements by government witnesses pursuant to the *Jencks Act, 18 U.S.C. ε 3500 and F.R.C.P. 26.2*; and

11. Any and all statements express or implied, made to any government witnesses, in exchange for their testimony in

this case or any related cases, and all other information
which could arguably be used for the impeachment of any
government witnesses.

### MOTION FOR IN CAMERA REVIEW OF PRESENTENCE REPORTS FOR GOVERNMENT WITNESSES

COMES NOW the defendant, MICHAEL DEE WEHBA , by his
undersigned attorney, and pursuant to *Brady v Maryland, 373
U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150
(1982)* asks the Court to conduct an in camera review of the
presentence investigation reports for the government
witnesses and co-defendants to determine if such reports
contains exculpatory or impeachment material. *See United
States v. Carreon, 11 F.3d 1225,1238 (1994), United States
v. Trevino, 556 F.2d 1265, 1271 n. 7 , and United States v.
Beckford, 92 F. Supp. 780,800 (E.D. Va. 1997).* In support
thereof, the defendant states as follows:

1. Defense counsel has reason to believe that the
   presentence reports contain valuable information
   including impeachment material that contains inconsistent
   statements of innocence that were made to federal agents
   investigated this case.

2. The governments witnesses prior inconsistent statements
   are material and likely to affect the trier of fact.

WHEREFORE, the defendant respectfully requests that this honorable Court conduct an in camera examination of the presentence investigations in this case and then enter an order requiring the prosecutor to disclose exculpatory or impeachment material contained therein.

## MOTION FOR LEAVE TO ARGUE AFTER INSTRUCTIONS AND COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves for leave to present closing argument to the jury after the Court has instructed the jury upon the law applicable to the case.  In virtually every state in the union, a jury is first presented the evidence by witnesses and exhibits and then instructed upon applicable law by the Court, following which counsel for the litigants present summation.  The function of closing argument is for counsel to suggest to the jury how the facts, applied under applicable law, should lead to a verdict in favor of their respective clients.  The requirement that counsel present such argument before the jury is even told what law applies to the case precludes counsel from making meaningful argument and, further, focuses inordinate juror attention upon the government which simultaneously both prosecutes and sits in judgment of, the defendant, thereby depriving defendants, and this defendant in particular, of procedural due process of law and the

constitutional right to trial before a fair and impartial jury.

## MOTION FOR LEAVE TO CONDUCT
## PERSONAL VOIR DIRE AND COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and respectfully moves for leave to conduct a personal voir dire of prospective jury members and in support hereof, respectfully submits that it is effectively impossible for this defendant to secure a fair and impartial jury and eliminate those with bias and prejudice against him without the opportunity to question freely prospective jury members, as in the courts of virtually every state in the union. The unique federal scheme of limiting voir dire to the trial judge thwarts any opportunity to develop information revealed by a prospective juror into meaningful revelations which can only be derived from the presentation of a series of questions based upon previous answers, and for such reason deprives the defendant of procedural due process of law and his constitutional right to trial before a fair and impartial jury. In this context, the presentation of written requested voir dire questions to the Court in advance is an exercise in futility because the answers given by jurors to those questions are not at that time known. Simply stated, the federal jury selection method is about as fair as permitting a defendant

cross-examination of government witnesses only by written questions submitted in advance of trial.

### MOTION FOR DISCLOSURE OF GRAND JURY TESTIMONY AND COMBINED BRIEF

COMES NOW the defendant, MICHAEL DEE WEHBA, by his undersigned attorney, and moves for an Order compelling disclosure of all testimony given before the Grand Jury which rendered the indictment accusing this defendant of conspiring to distribute marijuana. In support hereof, defendant would respectfully show the Court:

1. Rule 6(e), Federal Rules of Criminal Procedure, gives this Honorable Court discretion to enter the requested Order, upon a showing of reasonable cause or necessity.

2. The defendant has moved for dismissal of this indictment upon the grounds and for the reason that the warrant for his arrest was issued without any judicial determination of probable cause. However, no preliminary hearing is allowed the defendant under federal law, where a Grand Jury indictment has been rendered, thereby implying that the rendition of a Grand Jury indictment establishes the constitutional requisite of probable cause. However, such proceedings are held in secrecy, without the benefit and protections of judicial scrutiny. Further, an indictment may be rendered upon a showing of less than probable

cause. Judicial review of the Grand Jury minutes is essential to defendant's Motion to Quash his arrest and dismiss the indictment in that the constitutional prerequisite of probable cause has not been satisfied. Since the informants will in any event be testifying at trial, the need for secrecy no longer exists. Since the defendant has a legitimate, articulable interest in obtaining access to the minutes and the need for secrecy has ceased, the Court should exercise its discretion under Rule 6(e) and order the minutes made available to this defendant.

3. In *Re Grand Jury Investigation*, 630 F.2d 996 (3rd Cir. 1980), it was held that, where the reasons for maintaining secrecy have ceased to exist, or apply only to an insignificant degree, a party seeking disclosure of Grand Jury minutes should not be required to demonstrate a large compelling need.

4. Aside from the question of probable cause, the defendant has additional reasons for seeking access to the Grand Jury minutes under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Cooperating informants do so for advantage, either in the form of compensation or leniency. The motivation of cooperating informants comes within the ambit of *Brady v. Maryland*, *supra*. Further, inconsistent testimony between that given to a Grand Jury and that given at trial likewise comes within *Brady*.

Disclosure of informants is constitutionally

mandated.  *Gaines v. Hess*, 662 F.2d 1364 (10th Cir. 1981).

WHEREFORE, in consideration of the foregoing, defendant Michael D. Wehba moves for an Order compelling disclosure of Grand Jury testimony heretofore given in this cause.

## MOTION TO QUASH ARREST AND MOTION FOR PRELIMINARY HEARING AND COMBINED BRIEF

Comes now the defendant, MICHAEL DEE WEHBA , by his undersigned attorney, and moves to quash his arrest and for a preliminary examination and, in support hereof, states:

1.   Amendment IV to the U. S. Constitution provides, in part, that:

...no Warrants shall issue, but upon probable cause...

2.   The defendant was arrested upon a warrant, issued pursuant to a grand jury indictment, accusing defendant of having been guilty of a criminal conspiracy.

3.   A grand jury proceeding is conducted without judicial scrutiny, and the facts causing the grand jury to levy the charge against defendant may or may not be based upon probable cause.

4.   18 USC Sec. 3060 and Rule 5, FRCP, entitle defendant to a preliminary examination, except that said statute purports to withdraw that right after indictment. Defendant urges the unconstitutionality of such provision,

since he has been arrested and is being held for trial without any finding of probable cause ever having been made by any judicial officer having jurisdiction to make such determination.

5. Granting a preliminary hearing to persons being held pursuant to complaint, while denying the same to persons, including the defendant, who are being held pursuant to indictment, denies defendant equal protection of the law, there being no rational basis for such discrimination.

Respectfully submitted,

Charles Wayne Prather, OBA 7277
403 S. Cheyenne, Penthouse
Tulsa, OK 74103
918-587-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed with first class postage prepaid to Allen Litchfield, Esq., Assistant U.S. attorney at 333 West 4th Street, Tulsa, Oklahoma 74103 and to those listed below this the ____ day of March, 1999.

Charles Whitman, Esq.
Attorney for Steven Anthony Moore
403 South Cheyenne Avenue
Suite 1200
Tulsa, Oklahoma 74103
Tel: 582-9339; Fax: 583-1117

Jack Schisler, Esq.
Attorney for Lori Braswell
One West 3rd Street
Suite 1225
Tulsa, Oklahoma 74103
Tel: 581-7656; Fax: 581-7630

David C. Phillips, Esq.
Attorney for Victor Moore
115 West 3rd Street
Suite 525
Tulsa, Oklahoma 74103
Tel: 584-5062; Fax: 585-1005

4

## CERTIFICATE OF MAILING

This is to certify that on the 29th day of March 1999, a true and correct copy of the foregoing instrument was mailed, postage prepaid thereon, to the following:

U.S. Assistant District Attorney
United States Courthouse
Tulsa, OK  74401