UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

F I L E D
IN OPEN COURT

APR 1 3 1999

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 99-CR-23-H |
| | ) | S U P E R S E D I N G |
| v. | ) | I N D I C T M E N T |
| | ) | [21 U.S.C. § 846: Conspiracy |
| STEVEN ANTHONY MOORE, | ) | to Possess with Intent to |
| LORI BRASWELL, | ) | Distribute and to Distribute |
| VICTOR MOORE, | ) | Controlled Substances; |
| MICHAEL WEHBA, | ) | 21 U.S.C. § 841(a)(1): |
| NORMAN FOSTER, | ) | Possession with Intent to |
| DONALD HAMBLIN, | ) | Distribute and to Distribute |
| KATHY McAULIFF, | ) | Controlled Substances; |
| GARY ANTHONY NIXON aka | ) | 21 U.S.C. § 843(b): |
| Tony LNU, | ) | Use of Communication |
| JAHNA ANNA YOUNGPETER, | ) | Facilities for Distribution |
| | ) | of Controlled Substances] |
| Defendants. | ) | |

THE GRAND JURY CHARGES:

## COUNT I

### [21 U.S.C. § 846]

Beginning in or around January of 1998, the exact date unknown, and continuing until on

or about the date of this indictment, in the Northern District of Oklahoma and elsewhere,

STEVEN ANTHONY MOORE, LORI BRASWELL, VICTOR MOORE,

MICHAEL WEHBA, NORMAN FOSTER, DONALD HAMBLIN, KATHY

McAULIFF, GARY ANTHONY NIXON aka Tony LNU, and JAHNA ANNA

YOUNGPETER, defendants herein, did knowingly and intentionally conspire,

49

confederate and agree with each other and with others, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vii), namely to possess marijuana with intent to distribute and to distribute marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 846.

## OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were:

1.     To possess with intent to distribute and to distribute marijuana, a Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vii).

2.     To use communication facilities in committing and/or causing or facilitating the commission of acts in violation of Title 21, United States Code, Section 841(a)(1) and  Section 843(b).

## MEANS AND METHODS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished and were accomplished by the following means and methods:

1.     The defendants would and did  arrange for, coordinate and orchestrate the transportation of controlled substances, marijuana from source locations to the Northern District of Oklahoma.

2

District of Oklahoma.

2.     The defendants would and did maintain and establish locations within the Northern District of Oklahoma for the purpose of distributing, storing and selling controlled substances.

3.     The defendants would and did use telephones, (cellular and otherwise) and pagers to conduct and carry out the organization objectives.

## OVERT ACTS

1.     On or about May 15, 1998, within the Northern District of Oklahoma, a person known to the Grand Jury purchased approximately two pounds of marijuana from STEVEN ANTHONY MOORE.

2.     On or about July 10, 1998, within the Northern District of Oklahoma, a person known to the Grand Jury received approximately three pounds of marijuana in exchange for $2,700 from KATHY McAULIFF.

3.     On or about August 19, 1998, within the Northern District of Oklahoma, a person known to the Grand Jury purchased two pounds of marijuana from STEVEN ANTHONY MOORE.

4.     On or about September 1, 1998, persons known to the Grand Jury purchased nine pounds of marijuana from STEVEN ANTHONY MOORE.

5.     On or about September 15, 1998, a person known to the Grand Jury

marijuana transaction.

6.      On or about September 28, 1998, within the Northern District of Oklahoma, a person known to the Grand Jury placed a telephone call to STEVEN ANTHONY MOORE in order to set up a marijuana transaction.

7.      On or about October 12, 1998,  NORMAN FOSTER placed a telephone call to STEVEN ANTHONY MOORE in the Northern District of Oklahoma in order to set up a marijuana transaction.

8.      On or about October 16, 1998, MICHAEL WEHBA placed a telephone call to STEVEN ANTHONY MOORE regarding a marijuana transaction.  During this conversation, Wehba stated to Moore "...hey I think I can uh, do that what Donnie was gonna do.  I got a friend that just called me from out of town, he's comin in tonight" "I told him to bring about ten of 'em with 'em".

9.      On or about October 19, 1998, within the Northern District of Oklahoma, MICHAEL WEHBA placed a telephone call to STEVEN ANTHONY MOORE regarding a marijuana transaction.  During this conversation, Wehba stated to Moore: "What's his name's, uh, ten, got ten for you".

10.     On or about October 24, 1998, within the Northern District of Oklahoma, persons known to the Grand Jury purchased five pounds of marijuana from STEVEN ANTHONY MOORE.

11.     On or about October 25, 1998, within the Northern District of Oklahoma,

STEVEN ANTHONY MOORE placed a telephone call to JAHNA YOUNGPETER regarding a marijuana transaction which had occurred on October 22, 1998.

12.    On or about October 25, 1998, within the Northern District of Oklahoma, MICHAEL WEHBA placed a telephone call to DONALD HAMBLIN regarding a marijuana transaction.

13.    On or about October 27, 1998, GARY ANTHONY NIXON placed a telephone call to STEVEN ANTHONY MOORE regarding a marijuana transaction. During this conversation Nixon described Hamblin as a "mutual friend". Nixon also indicated that only seven of eight pounds had been received by Moore from Nixon.

14.    On or about November 4, 1998, within the Northern District of Oklahoma, VICTOR MOORE placed a telephone call to (918) 809-4797) (a cell phone issued to JAHNA YOUNGPETER) and left two messages for "Tony". On one of the messages, Moore stated, "...uh coupla them green brick biscuits that he's talkin' about that were delicious".

15.    On or about November 8, 1998, DONALD HAMBLIN placed a telephone call to STEVEN ANTHONY MOORE'S residence, within the Northern District of Oklahoma, and spoke with Moore and MICHAEL WEHBA regarding marijuana transactions. During this conversation Moore indicated that he was in possession of fourteen pounds of marijuana, and Hamblin indicated he was in possession of thirty pounds of marijuana, however, it would not last long.

5

16.     On or about November 9, 1998, NORMAN FOSTER placed a telephone call to STEVEN ANTHONY MOORE within the Northern District of Oklahoma regarding a marijuana transaction.  During this conversation Foster asked Moore if he had heard from "Tony" (Gary Anthony Nixon).  Moore indicated that he had not, however he (Moore) was "sitting real good" and would be able to provide Foster with an amount of marijuana.

## COUNT II

### [21 U.S.C. § 841(a)(1)]

On or about May 8, 1998, in the Northern District of Oklahoma, Defendants

LORI BRASWELL and VICTOR MOORE, did unlawfully, knowingly and intentionally

distribute to a person known to the Grand Jury, a quantity of methamphetamine, a

schedule II controlled substance, in violation of Title 21, United States Code, Section

841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT III

### [21 U.S.C. § 843(b)]

On or about December 9, 1998, in the Northern District of Oklahoma, JAHNA YOUNGPETER, defendant herein, did knowingly, intentionally, and unlawfully use a communication facility, that is, a telephone, in committing, causing, and facilitating the commission of an act constituting a felony under Title 21, United States Code, Section 841(a)(1), in that the defendant used the telephone to discuss various matters concerning the possession with the intent to distribute and the distribution of methamphetamine, a Schedule II controlled substance.  All in violation of Title 21, United States Code, Section 843(b).

## COUNT IV

### [21 U.S.C. § 843(b)]

On or about December 9, 1998, in the Northern District of Oklahoma, LORI

BRASWELL and JAHNA YOUNGPETER, defendants herein, did knowingly,

intentionally, and unlawfully use a communication facility, that is, a telephone, in

committing, causing, and facilitating the commission of an act constituting a felony

under Title 21, United States Code, Section 841(a)(1), in that the defendants used the

telephone to discuss various matters concerning the possession with the intent to

distribute and the distribution of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 843(b).

A TRUE BILL

STEPHEN C. LEWIS
United States Attorney

_____
Assistant United States Attorney

_____
Foreman

9